624 A.2d 34

STATE OF NEW JERSEY, DEPARTMENT OF COMMUNITY AF-
FAIRS, DIVISION OF HOUSING AND DEVELOPMENT,
PLANNED REAL ESTATE DEVELOPMENT SECTION, RE-
SPONDENT, v. SEAVIEW ISLAND ASSOCIATES, A NEW JER-
SEY GENERAL PARTNERSHIP, APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted March 3, 1993—Decided April 23, 1993.

Before Judges BRODY, LANDAU and THOMAS.

*Wolff & Samson,* attorneys for appellant (*John F. Casey,* on the brief).

*Robert J. Del Tufo,* Attorney General, attorney for respondent Department of Community Affairs (*Mary C. Jacobson,* Senior Deputy Attorney General, of counsel; *Eliaser Chaparro,* Deputy Attorney General, on the brief).

The opinion of the court was delivered by

BRODY, J.A.D.

This proceeding was brought by and in the Department of Community Affairs (Department) pursuant to the Planned Real Estate Development Full Disclosure Act (Act). *N.J.S.A.* 45:22A–21 to –42. In his final decision the Commissioner found that appellant, the developer of a 198–unit townhouse project, had failed to disclose to its buyers the true amount of real estate taxes levied on the common areas. Appellant had estimated in its public offering statement that the annual tax on·common areas would be

only $1,400. It failed to correct that estimate, as required by the Act, even after it paid an annual tax on the common areas of $128,929.09. As a result, the homeowners' association that took over the project did not have enough reserves to pay the taxes for its first year. Failure to pay that year's taxes disqualified it from appealing the following year's assessment. After it raised its members' maintenance fees and paid the taxes and interest for those two years, the association successfully appealed the next year's assessment. As a result, the tax was reduced to $4,100. An appeal of the next year's assessment further reduced it to $2,400.

Appellant claimed, correctly as it turned out, that its original estimate was essentially correct and that the municipality thereafter grossly overassessed the common areas. Although it paid the high tax for two years before turning over the project to the homeowners' association, appellant claimed that its upper management was unaware of the situation because of inefficiencies in its sprawling organization. Appellant blamed the association's unawareness of the high taxes on the negligence of a management company that the association had engaged to run its affairs.

The Commissioner fined appellant $50,000 for the violation and ordered it to reimburse the association $286,184.22 as compensation for the two years of excessive taxes, including interest, that it paid as a result of appellant's failure to disclose the true level of taxation. Appellant contends in this appeal that the Legislature did not authorize the Commissioner to award compensatory damages for such violations of the Act. We agree and vacate that portion of the order.

The Act authorizes the Department to impose three remedies against a person who violates the Act: (1) to "issue an order requiring the person to cease and desist from the unlawful practice or to take such other affirmative action as in the judgment of the agency will carry out the purposes of this act" (*N.J.S.A.* 45:22A-33), (2) to revoke a developer's registration (*N.J.S.A.* 45:22A-34) and (3) to levy a fine not to exceed $50,000 for each

violation (*N.J.S.A.* 45:22A–38). The Department contends that it may award compensatory damages under its authority to issue cease and desist orders "or to take such other affirmative action" as in its judgment will carry out the purposes of the Act.

Reading the Act as a whole, we are persuaded that by linking the Department's authority to take "other affirmative action" with its authority to issue cease and desist orders to stop specific violations, the Legislature intended to limit such affirmative action to issuing orders that will prevent the violator from continuing the specific violation.

The Act elsewhere provides remedies for compensating people who have been harmed by a developer's misrepresentations or omissions. *N.J.S.A.* 45:22A–37a provides:

> Any developer disposing of real property subject to this act, who shall violate any of the provisions of section 6 hereof [requiring a developer to issue a public offering statement], or who in disposing of such property makes an untrue statement of material fact or omits a material fact from any application for registration, or amendment thereto, or from any public offering statement, or who makes a misleading statement with regard to such disposition, shall be liable to the purchaser for double damages suffered, and court costs expended, including reasonable attorney's fees, unless in the case of an untruth, omission, or misleading statement such developer sustains the burden of proving that the purchaser knew of the untruth, omission or misleading statement, or that he did not rely on such information, or that the developer did not know and in the exercise of reasonable care could not have known of the untruth, omission, or misleading statement.

Thus in a case such as this, the Legislature has created a civil claim for double damages that an injured person may pursue in court at the expense of the developer. By the same section of the Act the Legislature has given the developer defenses to the court action that may not be available to avoid fines and other sanctions the Department is authorized to impose for violations of the Act. The court action also affords the developer the opportunity to join other parties whose fault contributed to the harm but who may not be proper parties in an action before the Commissioner for violations of the Act.

The Legislature created the double damages action as the exclusive monetary remedy to an injured person for losses caused by a developer's misrepresentations and omissions that violate the

Act. The Commissioner does not have authority to award compensatory damages in such cases. *See Dept. of Com. Aff. v. Atrium Palace*, 259 *N.J.Super.* 578, 581–82, 614 *A.*2d 1069 (App. Div.1992) (Commissioner may not award double damages afforded under the Act.). We express no opinion respecting the Commissioner's authority to award monetary relief to people injured by other violations of the Act.

The award of compensatory damages is vacated, without prejudice to the assertion of private claims in the Law Division pursuant to the Act. The Commissioner's final decision is otherwise affirmed.